IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THEA L. CIPRA-VALIGA,    )<br>    )<br>      Plaintiff,    )<br>    )<br>    )<br>v.    )<br>    )<br>WELLS FARGO HOME MORTGAGE,    )<br>    )<br>      Defendant.    )<br>    ) | No. 08-CV-1480<br><br>Judge Zagel<br>Magistrate Judge Ashman |

MOTION TO STRIKE DEFENDANT'S ANSWER; MOTION FOR AN ORDER OF DEFAULT AGAINST DEFENDANT; AND REQUEST FOR HEARING ON DAMAGES

Now comes the Plaintiff, THEA L. CIPRA-VALIGA, by her attorneys, DAVID A. BRYANT, MARK D. DEBOFSKY, VIOLET H. BOROWSKI, and DALEY DE BOFSKY & BRYANT, and hereby moves to strike defendant, WELLS FARGO HOME MORTGAGE's Answer as untimely; moves for an order of default against Defendant, pursuant to Fed.R.Civ.P. 55(b)(2); and requests an evidentiary hearing to determine the amount of her damages. In support of this request, Plaintiff states as follows:

1. The Complaint in the above captioned case was filed on March 12, 2008.

2. On March 28, 2008, Gene Sheih, Senior Counsel, Wells-Fargo Home Mortgage, notified Plaintiff's counsel via facsimile that it retained Nigel F. Telman as counsel in this matter (see Exhibit A).

3. Notice of Lawsuit and Request for Waiver of Service, Complaint, Waiver of Service of Summons were mailed to Nigel Telman, counsel for Wells-Fargo Home Mortgage, on April 3, 2008 (see Exhibit B Notice of Lawsuit and Request for Waiver of Service and Exhibit C supporting affidavit).

4. Nigel Telman, counsel for Wells-Fargo Home Mortgage, executed the Waiver of Service of Summons on April 14, 2008 on behalf of Wells-Fargo Home Mortgage and the executed Waiver was filed with this court on April 17, 2008 (see Docket Document Number 5 attached as Exhibit D).

5. Pursuant to Fed.R.Civ.P. 4(d)(3), Answer or other responsive pleading was due June 2, 2008, 60 days after the request for waiver was sent.

6. Defendant entered an appearance and filed an Answer or other responsive pleading to the Complaint a day late, June 3, 2008 without any showing of good cause for the default.

7. The basis for Plaintiff's motion to strike is that Defendant filed a day late without providing any justification. In filing late without providing any rational whatsoever, Defendant's demonstrated disregard for Plaintiff's case. Defendant exhibits a pattern of such behavior as demonstrated by defendant's non-compliance with the personnel record review act, 820 ILCS 40/1 *et seq*. - Count II of Plaintiff's Complaint.

8. The Court has acknowledged that "litigants who are vigorously pursuing their cases [should not be] hindered by those who are not." *Stevens v. Continental Mobile Tel. Co.*, 1996 U.S. Dist. LEXIS 7992, *7 (N.D. Ill. June 4, 1996) (citing *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1230 (7th Cir. 1983)).

9. Once stricken, Defendant has failed to answer or otherwise plead and Plaintiff asks that this court enter an order of default against Defendant.

10. Even if Defendant merely failed to docket the date correctly, this Court has found that "failure to docket a date correctly is a careless or negligent mistake that fails to demonstrate

good cause for a default." *Stevens v. Continental Mobile Tel. Co.,* 1996 U.S. Dist. LEXIS 7992, *7 (N.D. Ill. June 4, 1996).

11.     Moreover, *In re State Exchange Finance Co.*, 896 F.2d 1104, 1106 (7th Cir. Ind. 1990), the Seventh Circuit found that "[b]ut even if the answer is filed two minutes late, if a default is entered the defendant cannot get it set aside without showing that he had good cause for the default. Fed.R.Civ.P. 55(c); *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182 (7th Cir. 1982); *Chrysler Credit Corp. v. Macino*, 710 F.2d 363, 367 (7th Cir. 1983)." The Court notes, "Traditionally, default judgments were strongly disfavored; however, 'this court has moved away from the traditional position." *Id*.

WHEREFORE, Plaintiff prays that the Court strike Defendant's Answer as untimely, enter an order of default against Defendant, WELLS FARGO HOME MORTGAGE, pursuant to Fed.R.Civ.P. 55(b)(2), and schedule an evidentiary hearing to determine the amount of Plaintiff's damages.

Dated: June 3, 2008                                      Respectfully submitted,

                                                         s/ David A. Bryant
Daley, DeBofsky & Bryant                                 David A. Bryant
55 West Monroe Street, Suite 2440                        Attorney for Plaintiff
Chicago, Illinois 60603
(312) 372-5200
(312) 372-2778 (fax)

## CERTIFICATE OF SERVICE

TO:  Nigel F. Telman
      Sidley Austin LLP
      One South Dearborn
      Chicago, Illinois 60603

The undersigned attorney hereby certifies that on June 3, 2008, he electronically filed the foregoing Plaintiff's MOTION TO STRIKE DEFENDANT'S ANSWER; MOTION FOR AN ORDER OF DEFAULT AGAINST DEFENDANT; AND REQUEST FOR HEARING ON DAMAGES with the Clerk of the Court using the CMF/ECF filing system, and that I hereby certify that I have mailed via the United States Postal Service the document to the following non-CMF/ECF participants on June 4, 2008: Nigel F. Telman.

                                        s/ David A. Bryant
DALEY, DE BOFSKY & BRYANT      David A. Bryant
55 W. Monroe St., Suite 2440         Attorney for Plaintiff
Chicago, Illinois 60603
(312) 372-5200
(312) 372-2778 (fax)



**WELLS FARGO**

Law Department
MAC N8235-048
7000 Vista Drive
West Des Moines, IA 50266
515 327-4340
515 327-4196 Fax

March 28, 2008

David A. Bryant
Daley, Debofsky & Bryant
55 W. Monroe Street, Ste. 2440
Chicago, IL 60603

<u>**VIA FACSIMILE**</u>

RE: **Cipra-Valiga, Thea L.**

Dear Mr. Bryant:

This letter serves to inform you that Wells Fargo has retained Nigel F. Telman as counsel. Your letter dated March 18, 2008, regarding Cipra-Valiga's personnel file and preservation of evidence is being forwarded to Mr. Telman who will respond accordingly. Thank you.

Sincerely,

*Gene Sheih*

Gene Sheih
Senior Counsel

Enclosures

GS:MML

cc: Nigel F. Telman, Esq.
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603

AO 398    (Rev. 05/00)

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO: (A)   Nigel F. Telman, Esq.

as   (B)   Counsel                of (C)   WELLS FARGO HOME MORTGAGE

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Northern District of Illinois and has been assigned docket number (D)    08-CV-1480 .

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (E)    30    days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this    3    day of April    ,    2008    .
(Month)         (Year)

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, if any
D—Docket number of action
E—Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THEA L CIPRA-VALIGA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No 08-CV-1480 |
| v ) | |
| ) | Judge Zagel |
| WELLS FARGO HOME MORTGAGE, ) | Magistrate Judge Ashman |
| ) | |
| Defendant ) | |
| ) | |

## SUPPORTING AFFIDAVIT

County of Cook ) ss
)
City of Chicago )

Jennifer Danish, being first duly sworn upon her oath, testifies and states as follows

1  I, Jennifer Danish, am a paralegal at Daley, DeBofsky & Bryant and I will be graduating from the John Marshall School of Law in December 2008  I have been employed by Daley, DeBofsky & Bryant since October 6, 2003, working first as a clerk-receptionist before becoming a law student in January 2005

2  On Thursday, April 3, 2008, under the direction of Attorney David A Bryant, I put together an envelope containing the Notice of Lawsuit and Request for Waiver of Service, Complaint, Waiver of Service of Summons, and self-addressed stamped envelope for the return of the Waiver form

3  I addressed the envelope to Nigel F Telman, counsel for Wells Fargo Home Mortgage, at Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois 60603, and affixed postage for first class certified-return receipt U S Postal Service delivery

4  Before leaving the office (prior to 5 00 p m CST) on the evening of Thursday, April 3, 2008, I personally placed the envelope containing the Notice of Lawsuit and Request for Waiver of Service, Complaint, Waiver of Service of Summons, and self-addressed stamped envelope

into the U S Postal Service box located on the first floor of 55 West Monroe Street, Chicago, Illinois 60603

Further affiant sayeth not

                                          Jennifer Danish

Signed and sworn before me,
this ___3___ day of __June____, 2008

_____
Notary Public

"OFFICIAL SEAL"
MARK D DeBOFSKY
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 07/21/2008

AO 399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## Waiver of Service of Summons

TO: _____David A. Bryant_____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __WELLS FARGO HOME MORTGAGE_____, acknowledge receipt of your request
   (DEFENDANT NAME)

that I waive service of summons in the action of __CIPRA-VALIGA v WELLS FARGO HOME MORTGAGE__,
   (CAPTION OF ACTION)

which is case number _____08-CV-1480_____ in the United States District Court
   (DOCKET NUMBER)

for the Northern District of Illinois.

   I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

   I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

   I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

   I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after ____04/03/08____,
   (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____4/14/2008_____   _____Nigel J. Telman_____
   (DATE)      (SIGNATURE)

Printed/Typed Name: _____NIGEL TELMAN_____

As ___ATTORNEY___ of ___WELLS FARGO HOME MORTGAGE___
  (TITLE)     (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

   Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

   It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

   A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.