IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THEA L. CIPRA-VALIGA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08-CV-1480 |
| v. ) | |
| ) | Judge Zagel |
| WELLS FARGO HOME MORTGAGE, ) | Magistrate Judge Ashman |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO
VACATE THE ENTRY OF DEFAULT AND RELIEVE DEFENDANT FROM
<u>THE COURT'S ORDER STRIKING DEFENDANT'S ANSWER</u>**

This Court should not set aside its June 10, 2008 order granting Plaintiff's motion to strike Defendant's answer and motion for entry of default. The Defendant has the burden of persuasion on three issues of proof in order to prevail. It fails on two of the three, and consequently, its motion to set aside the default should be denied.

In order to be afforded relief, Defendant must provide specific factual grounds meeting all three elements warranting removal of the default. To vacate an entry of default, the moving party must show: (1) good cause for the default, (2) quick action to correct the default; and (3) that it has a meritorious defense to the complaint. *Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 45 (7th Cir. 1994).

Plaintiff acknowledges that Defendant acted quickly in seeking to set aside the default. The Defendant has not, however, provided sufficient grounds establishing "good cause" for its tardiness, and a meritorious defense to Plaintiff's Complaint. Therefore, setting aside the entry of default would be inappropriate.

This Court should not set aside its June 10, 2008 order granting Plaintiff's motion to strike Defendant's answer and motion for entry of default. Defendant cites *Pretzel & Stouffer* to set forth the test for vacating an entry of default. Plaintiff agrees that this case is controlling; however, it does not support Defendant's motion to vacate the entry of default. Rather, it supports Plaintiff's Motion for an Order of Default. In *Pretzel & Stouffer*, the Seventh Circuit held that the defendant did not pass the three part test required to vacate an entry of default against them. *Id*. at 47. Specifically, the Court found that defendant did not show good cause for default explaining that counsel's mistake regarding the date of the hearing, and communication problems with his clients, constitute "routine back-office problems" that do not rank high in the list of excuses for default and did not establish good cause for defaulting. *Id*. at 46. Further, the Court found that defendant did not articulate a meritorious defense to the charge. *Id*. Adding, "a meritorious defense requires more than a 'general denial' and 'bare legal conclusions.'" *Id*.

Likewise, Defendant failed to satisfy all three elements of the test required to vacate an entry of default. As in *Pretzel & Stouffer,* Defendant's miscalculation of the date that its Answer was due constitutes a "routine back-office problem" that does not establish good cause for defaulting. Further, Defendant claims that its mistake was "inadvertent" and therefore constitutes "excusable neglect." However, according to *United States v. Marbley*, 81 F.3d 51, 52 (7th Cir. Ind. 1996), "'inadvertence,' without more, is not an excuse. It is merely a synonym for 'neglect,' and our court and the other courts of appeals have made clear that not every instance of neglect to file on time is excusable." *See also*, *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994)[1]

---

[1] Defendant cites this very case in support of its motion to vacate; however, *Jones* does not support Defendant's motion. Defendant cites this case in support of its allegation that it can meet the third prong of the test for setting aside an entry of default, which is that it can establish a meritorious defense. Not only did the Seventh Circuit find that the defendant did not show good cause, but also, in *Jones* the Court found that the defendant did not demonstrate that she had a meritorious defense to the entry of the default

("While a bright-line rule is neither intended nor desired in these cases, Rule 60(b)(1) and the standard for vacating default judgments requires that 'cause' for failure to respond be separated from 'good cause,' and 'neglect' of litigation from 'excusable neglect.' The standards contained in the cases are justifiably vague, requiring extraordinary circumstances as a sufficient condition to justify disturbing a default judgment."); *In re State Exchange Finance Co.*, 896 F.2d 1104, 1106 (7th Cir. Ind. 1990)(finding that "[b]ut even if the answer is filed two minutes late, if a default is entered the defendant cannot get it set aside without showing that he had good cause for the default); *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182 (7th Cir. 1982)(The court found that defendant failed to meet the standard to have a default judgment set aside because defendants failed to answer the complaint, then failed to show good cause for their failure, and failed to set forth any defense to the complaint other than a general denial.); *Sullivan v. Makeco Plumbing, Ltd.*, 2004 U.S. Dist. LEXIS 10433, *6 (N.D. Ill. June 7, 2004) (while the court vacated the judgment in part, it held that Rule 60(b)(1) "establishes a high hurdle for parties seeking to avoid default judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment."); *Medline Indus. v. Medline Rx Fin.*, LLC, 218 F.R.D. 170, 172-173 (N.D. Ill. 2003)[2] (finding that none of defendant's reasons for filing an untimely answer constituted good cause or excusable neglect. Moreover, the court found that the defendant's assertion that the plaintiff suffered no prejudice was not relevant); *Stevens v. Continental Mobile Tel. Co.,* 1996 U.S. Dist. LEXIS

---

judgment. *Id*. at 162-166. The Court explained that the defendant's explanations were "unsatisfactory" and "lacking any factual basis." *Id*. at 166.

[2] Again, Defendant cites this very case in support of its motion to vacate; however, *Medline* does not support Defendant's motion. In fact, the defendant in *Medline* offered more substantial reasons for filing an untimely answer including on-going settlement discussions, failure to properly serve the defendant with the minute orders, and the untimely vacations and health problems that beset the corporation's counsel and manager, and the court still found they were insufficient to constitute good cause or excusable neglect. *Id*. Ultimately, the court denied defendant's motion to set aside the default judgment. *Id*. at 173.

3

7992, *7 (N.D. Ill. June 4, 1996)(finding that "failure to docket a date correctly is a careless or negligent mistake that fails to demonstrate good cause for a default").

Defendant argues that *Stevens,* 1996 U.S. Dist. LEXIS 7992, *7 and *In re State Exchange Finance Co.*, 896 F.2d at 1106 are inapposite to this case because unlike the defendants in those cases, Wells Fargo has demonstrated good faith conduct in this litigation.  To the contrary, Defendant has shown continuing disregard for the litigation of this matter and for the procedures of the court.

Defense counsel, Nigel Telman, represents in an affidavit that he did not have notice of his miscalculation of the date his Answer was due until he received Plaintiff's Motion for Default by mail on June 9, 2008.  This argument is specious.  Indeed, counsel for Defendant filed his appearance and answer at 5:48 p.m. on June 3, 2008.  On the same day at 8:58 p.m., Plaintiff's counsel electronically filed her Motion to Strike Defendant's Answer and for an Order of Default with the Clerk of the Court using the CMF/ECF filing system, which automatically sent notice of such filing to all attorneys who had filed their appearances.  (CMF email; Exh. A). Accordingly, defense counsel was alerted to his miscalculation on June 3, 2008.

Further, Defendant avers that it "has consistently demonstrated that it is an active, available participant in this litigation."  This is simply untrue as demonstrated by Defendant's unwillingness to produce Plaintiff's complete personnel file to her counsel to date.  (Pl.'s letter; Exh. A); (see also, Count II of Plaintiff's Complaint – Non-Compliance with the Personnel Record Review Act, 820 ILCS 40/1 *et seq*.).  While Defendant claims that it has produced Plaintiff's personnel file, Plaintiff is prepared to testify to the relevant documents that are outstanding.  (Pl.'s affidavit, Exh. B); (Pl.'s letter, Exh. C).

Moreover, Defendant's Answer itself demonstrates Defendant's continuing disregard for the litigation of this matter. Tellingly, Defendant's Answer lacks any specificity in its denials except for its answers to Paragraphs 32 and 33. Indeed, its bare responses to 55 of the 57 allegations in Plaintiff's complaint, as well as its failure to even assert any affirmative defenses (thereby waiving any such defenses), clearly demonstrates Defendant's continuous refusal to take this matter seriously.

Further, even if Defendant's conduct does not constitute willful disregard for litigating this case, motions to vacate do not depend on the defaulting party's willfulness. In *Sullivan v. General Plumbing, Inc.*, 2007 U.S. Dist. LEXIS 24055, *10-11 (N.D. Ill. Mar. 31, 2007) (a case defendant relies upon in its motion to vacate) the court stated:

> While the common thread on a Rule 60(b) motion to vacate a default judgment does depend largely on the willfulness of the defaulting party's actions, "Rule 60(b) is applied liberally . . . only in the **exceptional circumstances where the events contributing to the default judgment have not been within the meaningful control of the defaulting party, or its attorney**."

(citing *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.,* 726 F.2d 1202, 1206 (7th Cir. 1984)). Ultimately, the court denied defendant's motion to vacate the default judgment because it found that "Defendant's negligence in responding to the Complaint was principally based on its own inattention to its obligation;" therefore, it did not constitute "excusable neglect" within the meaning of Rule 60(b)(1) nor did Defendant adequately set forth a defense. *Id.* at 11.

Defendant also asserts that "the case law on which Plaintiff relies pre-dates the Supreme Court's holding in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 391 (1993)." This is simply untrue. To be sure, the case on which Plaintiff relies most heavily in her motion

for an order of default - - *Stevens v. Continental Mobile Tel. Co.,* 1996 U.S. Dist. LEXIS 7992, *7 (N.D. Ill. June 4, 1996) - - postdates *Pioneer*.

Moreover, Defendant places much significance on the Supreme Court's decision in *Pioneer*. However, *Pioneer* is a bankruptcy case interpreting Fed. R. Bankr. P. 9006(b)(1) and any discussion of Rule 60(b)(1) constitutes *dicta*. Indeed, *Sullivan*, 2007 U.S. Dist. LEXIS 24055, *8 (a case Defendant cites) explains that:

> The Supreme Court has defined "excusable neglect" as "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 388, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). The Seventh Circuit has found that "excusable neglect" under Rule 60(b)(1) is "limited and stringent" and "requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing [the judgment]." *Jones,* 39 F.3d at 162.

As such, Defendant's failure to show good cause for its default alone is a sufficient basis for this Court to deny Defendant's motion.

Notwithstanding, even if this court finds that Defendant's mistake constitutes "excusable neglect," Defendant's motion to vacate still fails because Defendant did not articulate a meritorious defense to Plaintiff's allegations of sex harassment. *Pretzel & Stouffer*, 28 F.3d at 46 ("A defendant's response to a motion for default judgment is insufficient if it lacks grounding in facts which would support a meritorious defense of the action by the non-moving party."); *Breuer Electric Mfg. Co.,* 687 F.2d at 186 (A showing of a meritorious defense is necessary to set aside a default and such a showing requires more than the bare legal conclusions set forth in defendants' proposed answer.).

Defendant misleadingly professes that its Answer "contains meritorious defenses to Plaintiff's Complaint." Defendant also falsely insists its defense that "it investigated fully the allegations brought to its attention by Plaintiff" is "detailed at length in its Answer." Yet, even a

6

cursory review of Defendant's Answer evidences that it contains nothing more than "general denials" of the allegations in Plaintiff's Complaint.[3] (Exh. 1 to Def.'s Affidavit in support of Def.'s Motion to Vacate; R. 13, Attachment 1, Exh. E). Further, Defendant did not allege any affirmative defenses in response to Plaintiff's Complaint; thereby, waiving any such defenses. In particular, a defense looking to the reasonableness of the employer's conduct must be pled as an affirmative defense. *See Faragher v. City of Boca Raton*, 524 U.S. 775 (1998). Defendant has failed to do so. To the extent it attempts to do so now, it is untimely as such a defense cannot be asserted for the first time in its motion to vacate entry of default. In any event, Defendant's defense is inadequate as it is nothing more than a bald assertion lacking any grounding in fact and, as such, is insufficient to overcome its burden of persuasion. *See Pretzel & Stouffer*, 28 F.3d at 46.

Contrary to Defendant's assertion that courts are reluctant to enter a default or a default judgment, the Seventh Circuit has stated "[w]e have long since moved away from the position of disfavoring default judgments, and we are therefore increasingly reluctant to set them aside." *Pretzel & Stouffer*, 28 F.3d at 47. Whereas, "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.,* 411 F.3d 831, 837 (7th Cir. 2005).

However, in the event that this Court grants Defendant's motion to vacate, Plaintiff requests that this Court order Defendant to pay Plaintiff's attorneys' fees and costs as Plaintiff's conduct in pursuing the matter was entirely reasonable. *Flexicorps, Inc. v. Beck*, 2003 U.S. Dist. LEXIS 1388, *6 (N.D. Ill. Jan. 30, 2003)(granting the defendant's motion to vacate but conditioning it upon his payment of the plaintiff's reasonable attorneys' fees and other expenses

---

[3] In fact, the only Answers where Defendant did more than deny Plaintiff's allegations were in response to paragraphs 32 and 33 and neither answer references Defendant's purported defense.

ascribable to its pursuit and obtaining of the default judgment. Finding that plaintiff's conduct in pursuing the matter to judgment was entirely reasonable; therefore, the court ruled that it would not be fair to burden the plaintiff with having to swallow the expense of its legitimate effort.).

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant's motion to vacate its June 10, 2008 entry of default against Defendant and its order striking Defendant's Answer.

Dated: June 13, 2008                                                                 Respectfully submitted,

                                                                                                 s/ David A. Bryant
                                                                                                 Attorney for Plaintiff

David A. Bryant
Violet H. Borowski
Daley, DeBofsky & Bryant
55 West Monroe Street, Suite 2440
Chicago, Illinois 60603
(312) 372-5200
(312) 372-2778 (fax)

## CERTIFICATE OF SERVICE

TO:            Nigel F. Telman
               Sidley Austin LLP
               One South Dearborn
               Chicago, Illinois 60603

The undersigned attorney hereby certifies that on June 13, 2008, he electronically filed the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE THE ENTRY OF DEFAULT AND RELIEVE DEFENDANT FROM THE COURT'S ORDER STRIKING DEFENDANT'S ANSWER with the Clerk of the Court using the CMF/ECF filing system, which sent notice to the above named attorney. The undersigned hereby certify that he has mailed via the United States Postal Service the document to the following non-CMF/ECF participants:  N/A.

                                                                                                 s/ David A. Bryant
DALEY, DE BOFSKY & BRYANT                                               David A. Bryant
55 W. Monroe St., Suite 2440                                                   Attorney for Plaintiff
Chicago, Illinois 60603

8

| Filters Used: | | Date Printed: | 6/11/2008 |
|---|---|---|---|
| 1 Tagged   Record | # Email Report | Time Printed: | 1:23PM |
| | Form Format | Printed By: | JD |

| Date | 6/03/2008 Time | 8:58PM | 8:58PM | Duration | 0.00 (hours) | Code | | |
|---|---|---|---|---|---|---|---|---|
| Subject | Activity in Case 1:08-cv-01480 Cipra-Valiga v. Wells Fargo Hon | | | | | Staff | Jennifer M. Danish | |
| Client | Cipra-Valiga, Thea L. | | CaseRef | Cipra-Valiga, Thea L. (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) | CaseNo | 08-CV-1480 | | |
| From | usdc_ecf_ilnd@ilnd.uscourts.gov | | | | | | | |
| To | ecfmail_ilnd@ilnd.uscourts.gov | | | | | | | |
| CC To | | | | | | | | |
| BCC To | | | | | | | | |
| Reminders | | (days before) Follow | N | Done | N | Notify | N | Hide | N | Trigger | N | Private | N | Status |
| User1 | | | | | User3 | | | |
| User2 | | | | | User4 | | | |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

United States District Court

Northern District of Illinois - CM/ECF LIVE, Ver 3.2.1

Notice of Electronic Filing

The following transaction was entered by Bryant, David on 6/3/2008 at 8:58 PM CDT and filed on 6/3/2008

Case Name:     Cipra-Valiga v. Wells Fargo Home Mortgage
Case Number:   1:08-cv-1480
Filer:   Thea L. Cipra-Valiga
Document Number:     9

Docket Text:
MOTION by Plaintiff Thea L. Cipra-Valiga to strike answer to complaint[7], MOTION by Plaintiff Thea L. Cipra-Valiga for entry of default, MOTION by Plaintiff Thea L. Cipra-Valiga for hearing on damages (Attachments: # (1) Exhibit A, # (2) Exhibit B, # (3) Exhibit C, # (4) Exhibit D)(Bryant, David)

1:08-cv-1480 Notice has been electronically mailed to:

David A. Bryant     dabryant@ddbchicago.com, jdanish@ddbchicago.com

Nigel F. Telman     ntelman@sidley.com, efilingnotice@sidley.com

1:08-cv-1480 Notice has been delivered by other means to:

| Filters Used:<br>1 Tagged   Record | Email Report<br>Form Format | Date Printed: **6/11/2008**<br>Time Printed: **1:23PM**<br>Printed By: **JD** |
|---|---|---|

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1040059490 [Date=6/3/2008] [FileNumber=4869003-0]
[8338eec479d5ee87c7844323d43eeb3784d84daa619c8b58dbb3b010ee7d50f753e7
d57bf72b125b7399e96b422c3509b47a4e763131e010c5245a2ff9ae0f52]]
Document description:Exhibit A
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1040059490 [Date=6/3/2008] [FileNumber=4869003-1]
[1c970e95ae5327388ae63ee114f6bf04d0fcc4335cce90d52540f7c09f870060b4f0
554d3172019f490dc1df1d009dfefb9fd40838a818696377e303fd0a8b79]]
Document description:Exhibit B
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1040059490 [Date=6/3/2008] [FileNumber=4869003-2]
[7848f2f8d2a2ba914f92c07ffd7853e36b1bb5e479c5264489f47d746cb74d658393
dc430309785d7c9bb234bf4d8c82f9fed9f3cb43563a8756d2844bbcd36d]]
Document description:Exhibit C
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1040059490 [Date=6/3/2008] [FileNumber=4869003-3]
[02bfc038e896ae35ca6eef7f2fe802aa1d569c6d94ecd56072ae27552038ced2e639
8eda32a01c8393721e17b265524ddc15e16ced0f4c8f9ee7ab88c808eddf]]
Document description:Exhibit D
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1040059490 [Date=6/3/2008] [FileNumber=4869003-4]
[1f0fedeb841b59a2c7076cf23ae5bea56356c1e7b12d437722d7e3f90330871eb06a
561781c8519f22ed8d9b5f03213f9bc4a25d0ef432325db5c08cd7ff93f1]]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THEA L. CIPRA-VALIGA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 08-CV-1480 ) ) Judge Zagel |
| WELLS FARGO HOME MORTGAGE, | ) Magistrate Judge Ashman ) |
| Defendant. | ) ) ) |

### AFFIDAVIT OF THEA L. CIPRA-VALIGA

County of Cook    )   ss.
                  )
City of Chicago   )

Thea L. Cipra-Valiga, being first duly sworn upon her oath, testifies and states as follows:

1. I, Thea L. Cipra-Valiga, was employed by WELLS FARGO HOME MORTGAGE ("Wells Fargo") as a Branch Sales Manager of the LP Chicago office from February, 2000 until September 7, 2007.

2. As a Branch Sales Manager, I supervised other employees at Wells Fargo and during my period of employment there was familiar with the practices of keeping personnel records at Wells Fargo.

3. I had the opportunity to review what has been produced to date in relation to my request for a copy of my personnel file.

4. All personnel documents relating to my employment, promotion, compensation, and complaints in relation to this action were not contained in the produced file.

5. I am willing and prepared to testify to the above and specifically as to what I believe is missing from my file.

Further affiant sayeth not.

_____
Thea L. Cipra-Valiga

Signed and sworn before me,
this 13TH day of June, 2008

_____
Notary Public

"OFFICIAL SEAL"
MARK D. DeBOFSKY
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 07/21/2008

LAW OFFICES

## Daley, DeBofsky & Bryant

55 W Monroe St
Ste 2440
Chicago, Illinois 60603

VOICE (312) 372-5200
FAX  (312) 372-2778
WEB
ddbchicago.com

Frederick J. Daley Jr.
Mark D. DeBofsky
David A. Bryant
Marcie E. Goldbloom
Violet H. Borowski
Sandra M. Dye
Gregory A. Benker
Kimberly A. Jones

Of Counsel
David R. Bryant
Heather F. Aloe

May 1, 2008

Nigel F. Telman
Sidley Austin LLP
One South Dearborn
Chicago IL 60603

Re:     <u>Cipra-Valiga v. Wells Fargo Home Mortgage</u>

Dear Mr. Telman:

Unfortunately, it appears as though these discussions are futile as your client continues to allege that that they produced Mrs. Cipra-Valiga's entire personnel file. As a former supervisor of other employees at Wells Fargo, Mrs. Cipra-Valiga is schooled in the practices of keeping personnel records at Wells Fargo. My previous letter was as a courtesy to your client.

We have repeatedly requested that Wells Fargo produce Mrs. Cipra-Valiga's complete personnel file with no resolution.  Your client's refusal to produce documents in accordance with 820 ILCS 40 constitutes a willful and knowing violation of the Act for which we intend to seek $200 plus costs, reasonable attorney's fees, and actual damages as prescribed by the act, 820 ILCS 40/12(d)(2).

Sincerely,

_____
David A. Bryant