IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THEA L. CIPRA-VALIGA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 CV 1480 |
| v. ) | |
| ) | |
| WELLS FARGO HOME MORTGAGE, ) | Judge James B. Zagel |
| ) | |
| Defendant. ) | |

**DEFENDANT WELLS FARGO HOME MORTGAGE'S
REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO VACATE THE ENTRY OF
DEFAULT AND RELIEVE WELLS FARGO FROM THE COURT'S ORDER
<u>STRIKING WELLS FARGO'S ANSWER</u>**

On June 3, 2008, Wells Fargo filed its Answer to Plaintiff's Complaint. Due to an inadvertent miscalculation of time, the Answer was filed one day after the deadline for Wells Fargo to answer or otherwise plead. Immediately after Wells Fargo filed its Answer, Plaintiff seized upon this error and filed a Motion to Strike Defendant's Answer, Motion for an Order of Default Against Defendant, and Request for Hearing on Damages. The Court, *inter alia*, entered default and struck the Answer without hearing arguments on the Motion. Less than twenty-four hours after Wells Fargo learned of the Court's entry of default, it filed a detailed, supported motion seeking to vacate the entry of default. Plaintiff attempts to mischaracterize the Court's June 10 order as an entry of default judgment and to treat Wells Fargo's existing litigation-related disputes as proof that Wells Fargo does not "take this matter seriously." Nothing could be further from the truth.

As an initial matter, Plaintiff misconstrues the nature of the Court's June 10, 2008 Order. Plaintiff's Response brief relies on the standards in place for vacating a default *judgment*—a remedy sought pursuant to Federal Rule of Civil Procedure 60(b)—not an entry of

default, which is codified in Rule 55(c). *See* Plaintiff's Response ("Resp.") at 2, 3, 4. Entering default of any sort is an extraordinary remedy that courts only as a matter of last resort. *See, e.g., Stafford v. Mesnik*, 63 F.3d 1445, 1450 (7th Cir. 1995); *Stainback v. Dixon*, No. 07 C 3091, 2007 WL 2684086, at *1 (C.D. Ill. July 3, 2007). For that reason, when a litigant attempts to correct those mistakes that led to the default, courts frequently set aside the judgment. *See* Wells Fargo's Motion to Vacate ("Mot. to Vacate") at 4. Courts are even more lenient in situations, like the one presently before the Court, where a court has entered default but not a default judgment. *See id.*

Plaintiff, however, has ignored this distinction, and she relies on the more stringent standards for vacating a default judgment to bolster her argument, rather than the appropriate "more liberally applied" test for setting aside an entry of default. *See* Resp. at 3 (*citing Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994) (discussing the standard for overturning a default judgment); *Brewer v. Electric Mfg. Co. v. Toronado Sys. Of Am., Inc.*, 687 F.2d 182 (7th Cir. 1982) (concerning whether the defendant met the standard for setting aside a default judgment); *Sullivan v. Makeco Plumbing, Ltd.*, No. 02 C 9475, 2004 WL 1243892 (N.D. Ill. June 8, 2004) (Zagel, J.) (concerning the Rule 60(b) standard for setting aside a default judgment); *Stevens v. Continental Mobile Tel. Co.*, No. 95 C 3841, 1996 WL 328021 (N.D. Ill. June 4, 1996) (ruling on a litigants Rule 60(b) motion to vacate a default judgment)). Plaintiff's reliance on *United States v. Marbley*, 81 F.3d 51 (7th Cir. 1996) (Resp. at 2), is even more misplaced, since that case concerned an interpretation of Rule 4(b) of the Federal Rules of *Appellate* Procedure. *See id.* at 52 ("We are not happy with this result [dismissal of the appeal for want of jurisdiction], which we reach only under compulsion of the rule.").

In any event, under either Rule 60(b) or the more permissive Rule 55(c) standard, the case law on which Plaintiff relies is further distinguished by the pre-default behavior of the respective parties. The cases Plaintiff cites *all* concern a default (or most often, a default *judgment*) being entered after the defaulting party exhibited a lengthy pattern of absenteeism, missed deadlines, and disregard for the litigation. For example, in *Sullivan*, this Court entered default, and subsequently a default judgment, only after the defendant (1) never responded to Plaintiff's amended complaint; (2) did not respond to Plaintiff's Motion for Default; (3) frequently did not appear in court during scheduled hearings; (4) did not respond to Plaintiff's Motion for a Rule to Show Cause; (5) refused to comply with court orders; (6) was uncooperative with the Court's instruction to provide various documents to opposing counsel; and (7) did not respond to Plaintiff's Motion for Default Judgment. *See id.* at *1-2; *see also Jones v. Phipps*, 39 F.3d 158, 164 (7th Cir. 1994) (where the defaulting party exhibited a "continued pattern of willful disregard for this matter," including at least six examples of such behavior); *Pretzel v. Stouffer*, 28 F.3d 42, 45 (7th Cir. 1993) (where the defaulting party failed to file an answer, did not attend a status hearing, and appeared to have taken steps to mislead the court). Despite the numerous transgressions in *Sullivan*, this Court "proceed[ed] down a path of lenity" and entered and continued the Motion to Vacate Default Judgment. *Id.* at *3. In the instant case, meanwhile, Defendant filed its Answer on the day after it was due, arrived in court ready to argue Plaintiff's Motion for Default, immediately filed a Motion to Vacate the Entry of Default, and now files a Reply to Plaintiff's Response to Defendant's Motion.

Throughout the entire course of Wells Fargo's involvement in this litigation, it— by and through its counsel—has acted zealously to defend itself from Plaintiff's accusations. It has endeavored to do so, however, in accordance with the applicable rules, by following

3

professional standards, and with courtesy towards the opposing party.  Defendant has responded promptly to Plaintiff's various correspondences and informed Plaintiff of its representation by counsel.  Wells Fargo, outside of inadvertently filing its Answer one day late, has been available and responsive to Plaintiff's communications and to this Court's orders and instructions.

The facts Plaintiff relies on to support her claim that Wells Fargo has showed "disregard for the litigation"—the production to Plaintiff of her personnel file and the supposed lack of specificity in Plaintiff's Answer—are the result of good faith discovery disputes that are inherent in any litigation, not evidence that Wells Fargo "refus[es] to take this matter seriously." Resp. at 5.  As evidenced by the communications between counsel for Plaintiff and Wells Fargo, Wells Fargo believes that it has produced the entirety of Plaintiff's entire personnel file as required by the Illinois Personnel Records Review Act, 820 ILCS 40/10.  *See* Resp., Ex. 3.  That Plaintiff is unhappy with the materials that she admits Wells Fargo produced not only fails to support her conclusion that Wells Fargo has shown "disregard" for the litigation, it belies that very same argument.  Even if the Court ultimately agrees with Plaintiff's position that additional documents should be produced, a good faith discovery dispute is not tantamount to displaying a disregard for the litigation, and thus should not constitute the basis for a default.

Plaintiff's other support for alleging that Wells Fargo has been an absentee party to this litigation is that the Answer Wells Fargo filed one day late was not specific enough for her taste, though she does not allege that it is insufficient under the Federal Rules.  Rule 8(b) requires, in relevant part, that a defendant "state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies." Fed. R. Civ. P.  8(b).  This is precisely what Wells Fargo has done.  That Wells Fargo did not plead any affirmative defenses at this stage is not dispositive of whether it has a meritorious

4

defense for purposes of a Rule 55(c) inquiry. Nor does Plaintiff cite any case authority to support such a theory. Rather, the *Faragher* case cited by Plaintiff addressed vicarious liability in the context of sexual harassment claims, and held that an employer may raise an affirmative defense to a sexual harassment claim where: 1) the employer exercised reasonable care to prevent and promptly correct harassing behavior, *and* 2) the employee unreasonably failed to take advantage of corrective opportunities provided by the employer. *Faragher v. City of Boca Raton,* 524 U.S. 775, 807 (1998). In this case, Plaintiff alleges that she *did* take advantage of Wells Fargo's harassment policy by contacting Employee Assisted Counseling and Employee Relations, and further alleges that Wells Fargo began conducting an investigation in response thereto. *See* Complaint, ¶¶ 25-26. Should facts not pled in the complaint but later uncovered during fact discovery support raising affirmative defenses, such defenses can only be appropriately raised at that time. In any event, no reading of *Faragher* supports an argument that failure to raise an affirmative defense to a sexual harassment claim suggests that the defendant "is not taking the matter seriously" nor does it justify or support entry of a default judgment.

Entering default is an extreme remedy for which courts frequently give the benefit of the doubt to conscientious litigants who make an inadvertent mistake. Filing a pleading one day late because of an honest miscalculation is precisely the kind of inadvertent mistake that Rules 55(c) and 60(b) are designed to remedy. It is also an inadvertent mistake that in no way prejudiced Plaintiff—particularly since Plaintiff filed her motion for default *after* defendant's Answer was on file—or benefited defendant in the course of these proceedings, conclusions that Plaintiff do not dispute.

For all of these reasons, as well as the reasons set forth in Wells Fargo's Motion to Vacate, Wells Fargo respectfully requests that the Court vacate its June 10, 2008 entry of default against Wells Fargo and order striking its Answer.

Dated: June 16, 2008

                              Respectfully submitted,

                              **WELLS FARGO HOME MORTGAGE**

                              By:    s/*Nigel F. Telman*
                                      One of its Attorneys

Nigel F. Telman, Esq.
Sidley Austin LLP
One S. Dearborn Street
Chicago, IL 60603
Phone: (312) 853-2106
Fax: (312) 853-7036
Email: ntelman@sidley.com

**CERTIFICATE OF SERVICE**

  I, Nigel F. Telman, one of the attorneys for Defendant Wells Fargo Home Mortgage, certify that I caused a copy of the attached document to be served by e-mail through the Court's ECF system and by United States mail, first class postage prepaid, upon counsel for Plaintiff:

David Bryant, Esq.
Daley, Debofsky & Bryant
55 West Monroe Street
Suite 2440
Chicago, Illinois 60603

this 16th day of June, 2008.

s/*Nigel F. Telman*

CH1 4304602v.1