IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THEA L. CIPRA-VALIGA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08 CV 1480 |
| v. ) | |
| ) | Honorable James B. Zagel |
| WELLS FARGO HOME MORTGAGE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### REPORT OF PARTIES PLANNING MEETING

1.   **Meeting.**  Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on August 12, 2008 via telephone conference.  The meeting was attended by:

>   David Bryant and Violet Borowski, Daley, DeBofsky & Bryant, attorneys for Plaintiff; and
>   Nigel F. Telman, Sidley Austin, LLP, attorney for Defendant.

2.   **Nature and basis of claims and defenses.**  Plaintiff asserts two claims against Defendant: (i) "Sex Discrimination/Sex Harassment" (Count I); and (ii) "Non-compliance with the Personnel Record Review Act, 820 ILCS 30/1 *et seq.*" (Count II). Plaintiff's claim for "Sex Discrimination/Sex Harassment" is based on allegations that Plaintiff's manager made inappropriate comments of a sexual nature as well as inappropriate physical contact (also of a sexual nature) with Plaintiff during the late evening hours of August 15, 2007, the Company's response to Plaintiff's allegations was unreasonable, and constructive discharge.  Plaintiff's claim for "Non-compliance with the Personnel Record Review Act" is based on her assertion that Defendant refused to provide her with a copy of her personnel file as required under the act.

Defendant denies both claims and associated substantive allegations contained in the Complaint.  Consistent with Wells Fargo's personnel policies and procedures, Plaintiff complained to the Company about the alleged inappropriate conduct of her manager.  In response, the Company conducted a full investigation into Plaintiff's complaint.  As part of its investigation, the Company interviewed Plaintiff, her manager, and other potential witnesses.  The Company, however, was unable to corroborate any of the critical facts alleged by Plaintiff in her complaint.  The Company communicated its conclusions in this regard to Plaintiff.  Shortly thereafter, Plaintiff voluntarily resigned her employment with the Company.

Defendant denies that it violated the Illinois Personnel Records Review Act. To the contrary, Defendant provided Plaintiff with copies of all required documents in full compliance with the act. In further defense of this claim, Defendant references and relies upon Section 10 of the Personnel Records Review Act, which provides that "the right of an employee or the employee's designated representative to inspect his or her personnel records does not apply to ... (f) records relevant to any other pending claim between the employer and the employee which may be discovered in a judicial proceeding." 820 ILCS 40/10.

3. **Pre-trial Schedule.** The parties jointly propose to the court the following discovery plan:

   a. Discovery will be needed on the following subjects: liability and damages.

   b. Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) to be exchanged by the parties on or before August 26, 2008.

   c. All discovery will commence on or after August 27, 2008. Fact discovery will close on December 26, 2008.

   d. Plaintiff anticipates taking less than 10 depositions. Defendant anticipates taking approximately 2 to 3 depositions.

   e. Any expert discovery (including depositions of any retained experts) will be completed on or before January 26, 2009.

   f. Parties may amend pleadings or join additional parties without leave of court on or before September 15, 2008.

   g. All potentially dispositive motions must be filed on or before February 20, 2009.

   h. **Final pretrial order:** Plaintiff to prepare and present to Defendant proposed pretrial order within 45 days after the court's ruling on dispositive motions (if any such motions are filed). The parties will file with the court a joint final pretrial order within 21 days after Defendant receives the proposed order.

   i. The parties will be ready to proceed with trial on May 1, 2009. The parties expect trial in this matter to take approximately five days.

4. **Referral to Magistrate Judge.** The parties do not consent to proceed before a Magistrate Judge.

5.  **Settlement.** The parties have had no settlement discussions to date. Plaintiff's counsel represented during the Rule 26(f) conference that Plaintiff intends to submit a settlement demand to Defendant on or before September 11, 2008.

6.  **Electronic Discovery.** The parties agree to produce all responsive documents in hard copy, and reserve the right to request that specific documents maintained electronically be produced in "NATIVE" format upon a showing of good cause. In addition, the parties enter into a "claw-back" agreement whereby a party receiving privileged or work-product information inadvertently produced by the other party agrees to return said privileged documentation. The parties further agree that said inadvertent production will not be deemed to constitute a waiver as to that or any other material.

Dated: August 22, 2008

By: /s/ David A. Bryant
David A. Bryant
Attorney for Plaintiff
Daley, DeBofsky & Bryant
55 West Monroe Street, Suite 2440
Chicago, IL 60603
(312) 372-5200

By: /s/ Nigel F. Telman
Nigel F. Telman
Attorney for Defendant
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-2106

3