IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| THEA L. CIPRA-VALIGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08-CV-1480 |
| v. | ) | |
| | ) | Judge Zagel |
| WELLS FARGO HOME MORTGAGE, | ) | Magistrate Judge Ashman |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION REQUESTING ATTORNEY'S FEES

Plaintiff, THEA L. CIPRA-VALIGA, ("Plaintiff"), by her attorneys, DAVID A. BRYANT and VIOLET H. BOROWSKI, hereby moves this court to award Plaintiff her attorney's fees and expenses in conjunction with preparing the motion for default, responding to Defendant's motion to vacate, and subsequent preparation for the court ordered evidentiary hearing. In support thereof, Plaintiff states:

1.      According to the Northern District of Illinois Local Rule 54.3, parties involved in litigation should attempt in good faith to agree on the amount of fees that should be awarded prior to filing a fee motion.

2.      Plaintiff sent a letter to defense counsel, Nigel F. Telman, on July 8, 2008 requesting attorney's fees and costs.  In a good faith effort to come to an agreement, plaintiff's counsel did not seek compensation for any law clerk/paralegal time.  (Exhibit A).

3.      On July 10, 2008, Defendant responded stating, Plaintiff's action were not reasonable and "we will not pay the fees and costs requested in your letter." (Exhibit B).

4.      On July 31, 2008, Plaintiff replied addressing some of Defendant's concerns and confirming that Defendant is unwilling to negotiate with regard to the payment of attorney's fees.  (Exhibit C).

5.      After a good faith attempt to resolve this matter, Plaintiff brings this fee motion.  This motion is timely pursuant to the Northern District of Illinois Local Rule 54.3.

6.      An award of attorney's fees and costs is appropriate because Plaintiff's conduct in pursuing the matter was entirely reasonable.  *See Flexicorps, Inc. v. Beck,* 2003 U.S. Dist. LEXIS 1388, *6 (N.D. Ill. Jan. 30, 2003).

7.      Further, Plaintiff's conduct in preparing for the evidentiary hearing was entirely reasonable.

8.      This Court's order put Plaintiff in a position where Plaintiff had to prepare for the evidentiary hearing.  This Court entered a default based upon Plaintiff's motion and instructed both parties to prepare for an evidentiary hearing.  This Court scheduled the evidentiary hearing for June 18, 2008, which was set only 8 days after granting Plaintiff's motion to strike and for entry of default on June 10, 2008.  Even after Defendant filed its motion to vacate the entry of default and order striking Defendant's answer on June 11, 2008 and set the hearing on the motion for June 17, 2008, only one day prior to the evidentiary hearing, this Court still did not cancel or reschedule the evidentiary hearing pending the resolution of the motion to vacate.  Thus, Plaintiff's counsels had a duty to their client to prepare for the evidentiary hearing and to assume that it would take place as scheduled.

9.      This Court was fully aware of all the circumstances surrounding Defendant's filing, that is, that Defendant filed one day late, and still granted Plaintiff's motion for default and set Plaintiff's motion for evidentiary hearing on damages.

10.      Thus, it was entirely reasonable for Plaintiff to believe that the evidentiary hearing would take place and that this Court would not set aside its entry of default.

11.     Further, Plaintiff's conduct in pursing a motion to strike Defendant's answer and for entry of default was entirely reasonable as this Court granted Plaintiff's motion in its entirety.  (Docket # 12).

12.     Moreover, Plaintiff's conduct in responding to Defendant's motion to vacate was reasonable because it was supported by the well-established three part test required to vacate an entry of default annuncniated in *Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42 (7th Cir. 1994).

13.     Plaintiff did not believe that Defendant's motion would be granted because Defendant filing was only one day late because this Court was aware of this fact when it granted Plaintiff's motion.  Indeed, the fact that Defendant filed one day late is irrelevant as Plaintiff filed her motion for default following this late submission and outlining the circumstances in her motion making this Court fully aware of the late filing at the time that the Court granted the motion and set the evidentiary hearing.

14.     Additionally, Defendant's motion to vacate did not inform the court of anything new that would make this late filing more acceptable.  Defendant's merely stated that the late filing was a clerical error.  Plaintiff anticipated such a response in her motion for default stating "Even if Defendant merely failed to docket the date correctly, this Court has found that 'failure to docket a date correctly is a careless or negligent mistake that fails to demonstrate good cause for a default.  *Stevens v. Continental Mobile Tel. Co.,* 1996 U.S. Dist. LEXIS 7992, *7 (N.D. Ill. June 4, 1996)," and this Court granted Plaintiff's motion.

15.     Thus, Plaintiff requests attorney's fees and costs in pursuing this matter including:

- $17, 372.75 in attorney's fees (*see* Exh. A attachment);

- $330.00 in expert fees and costs for Elva Denny, Plaintiff's therapist (*see* Exh. A attachment).

WHEREFORE, for the foregoing reasons, the Plaintiff, Thea L. Cipra-Valiga, prays this court enter an order awarding her attorney's fees in conjunction with preparing the motion for default and subsequent preparation for the court ordered evidentiary hearing.

Executed on: September 5, 2008

Respectfully Submitted,

s/ *David A. Bryant*_____
David A. Bryant
Attorney for Plaintiff
Thea L. Cipra-Valiga

David A. Bryant
Violet H. Borowski
Daley, DeBofsky & Bryant
55 W. Monroe St., Suite 2440
Chicago, Illinois 60603
(312) 372-5200
FAX (312) 372-2778

## <u>CERTIFICATE OF SERVICE</u>

TO:    Nigel F. Telman
          Sidley Austin LLP
          One South Dearborn
          Chicago, Illinois 60603

The undersigned attorney hereby certifies that on September 5, 2008, he electronically filed the foregoing MOTION REQUESTING ATTORNEY'S FEES with the Clerk of the Court using the CMF/ECF filing system, which sent notice of such filing to the above named attorney, and that I hereby certify that I have mailed via the United States Postal Service the document to the following non-CMF/ECF participants: N/A.

DALEY, DE BOFSKY & BRYANT
55 W. Monroe St., Suite 2440
Chicago, Illinois 60603
(312) 372-5200

s/ David A. Bryant_____
David A. Bryant
Attorney for Plaintiff

# DALEY, DEBOFSKY & BRYANT

## 55 W MONROE ST STE 2440

### CHICAGO IL 60603

(312) 372-5200 / (312) 372-2778 fax

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Nigel Telman | David A. Bryant |
| COMPANY: | DATE: |
| Sidley Austin LLP | JULY 8, 2008 |
| FAX NUMBER: | TOTAL NO. OF PAGES INCLUDING COVER: |
| 312.853.7036 | |
| PHONE NUMBER: | CC: |
| 312.853.2106 | |
| RE: | |
| 08-CV-1480 Cipra-Valiga v. Wells Fargo | |

URGENT    FOR REVIEW    PLEASE COMMENT    PLEASE REPLY    PLEASE RECYCLE

Please see the attached.

This communication may contain privileged and confidential information protected by the Electronic Communications Privacy Act, 18 U.S.C. Secs. 2510-2521. It is intended only for the use of the recipient named above. If you are not the intended recipient of this communication, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by collect telephone call and return the original message to us at the address above via United States Postal Service.

LAW OFFICES

# Daley, DeBofsky & Bryant

55 W Monroe St
Ste 2440
Chicago, Illinois 60603

VOICE (312) 372-5200
FAX  (312) 372-2778
WEB  ddbchicago.com

Frederick J. Daley Jr.
Mark D. DeBofsky
David A. Bryant
Marcie E. Goldbloom
Violet H. Borowski
Sandra M. Dye
Gregory A. Benker
Kimberly A. Jones

Of Counsel
David R. Bryant
Heather F. Aloe

**VIA FACSIMILE**

July 8, 2008

Nigel F. Telman
Sidley Austin LLP
1 S Dearborn St
Chicago, IL 60603

Re:    08-CV-1480 *Cipra-Valiga v. Wells Fargo*

Dear Mr. Telman:

According to the Northern District of Illinois Local Rule 54.3, parties involved in litigation should attempt in good faith to agree on the amount of fees that should be awarded prior to filing a fee motion. As such, we request our attorney's fees and costs as our conduct in pursuing the matter was entirely reasonable. *See Flexicorps, Inc. v. Beck*, 2003 U.S. Dist. LEXIS 1388, *6 (N.D. Ill. Jan. 30, 2003).

We are requesting the following charges and hourly rates:

- $200.00 per hour for work performed by the associate Violet H. Borowski;
- $425.00 per hour for work performed by the partner David Bryant.

This comes to a total of $17,372.75 in attorneys' fees. We are not seeking compensation for any law clerk/paralegal time. Please see the attached time log for a detailed description of the hours billed in drafting the motion for default judgment, responding to your motion to set aside, preparing for the evidentiary hearing, and requesting attorney's fees.

In addition to attorneys' fees, we request our expenses in preparing for the evidentiary hearing. We had retained the services of Mrs. Cipra-Valiga's therapist, Elva Denny, and an executive recruiter, Kenneth G. Daubenspeck, who had set aside time on the date of the evidentiary hearing to testify as to damages. We have yet to receive an invoice from Mr. Daubenspeck, and we will forward it to you as soon as we receive it. Ms. Denny's invoice is enclosed. It includes the costs

for copying the records, $30.00, and for fees incurred for the sessions she lost in having to set aside time for the hearing, $300.00.

We appreciate your prompt attention to this matter.

Sincerely,

*David A. Bryant*

David A. Bryant

Dab/vhb

Enclosures

Cipra-Valiga v. Wells Fargo
Time Log

| Bill Date | Staff | Description | Dur/Qty | Rate | Total |
|---|---|---|---|---|---|
| 6/2/2008 | VHB | answer was due today and appears didn't come in | 0.02 | $ 200.00 | $      4.00 |
| 6/3/2008 | VHB | discussed with David; researching case law for motion for default judgment; emailed David | 4.00 | $ 200.00 | $   800.00 |
| 6/3/2008 | DAB | Discussed case with Violet | 1.00 | $ 425.00 | $   425.00 |
| 6/3/2008 | VHB | def's failed to ans. corresponding re next step; reviewed Jen's draft of the motion for default judg | 0.50 | $ 200.00 | $   100.00 |
| 6/4/2008 | VHB | reading answer and called client; emailed client def's answer and our motion | 0.67 | $ 200.00 | $   134.00 |
| 6/6/2008 | VHB | corresponding with client and reading client's notes on Def's ans | 0.75 | $ 200.00 | $   150.00 |
| 6/9/2008 | VHB | preparing for court on Motion to strike and for declaratory judgment | 0.35 | $ 200.00 | $     70.00 |
| 6/9/2008 | VHB | reading client's email and website she directed me to re Wells Fargo | 0.10 | $ 200.00 | $     20.00 |
| 6/10/2008 | VHB | preparing for evidentiary hearing on damages - called client to discuss, | 2.43 | $ 200.00 | $   486.00 |
| 6/10/2008 | VHB | our motion to strike and for default GRANTED (no court), evidentiary hearing set for 6-18-08 | 0.17 | $ 200.00 | $     34.00 |
| 6/11/2008 | DAB | Case Review | 2.60 | $ 425.00 | $ 1,105.00 |
| 6/11/2008 | DAB | Review of motion to vacation and discussion with VHB. | 1.75 | $ 425.00 | $   743.75 |
| 6/11/2008 | DAB | review of case | 0.45 | $ 425.00 | $   191.25 |
| 6/11/2008 | VHB | reading def's motion to vacate and affidavit in support; | 6.42 | $ 200.00 | $ 1,284.00 |
| 6/12/2008 | DAB | Further review of motion to vacation and research. | 1.00 | $ 425.00 | $   425.00 |
| 6/12/2008 | DAB | Research and outlining response. | 0.75 | $ 425.00 | $   318.75 |
| 6/12/2008 | DAB | Reviewed add'l case law re atty fees. | 0.25 | $ 425.00 | $   106.25 |
| 6/12/2008 | VHB | continued drafting and responding to def's motion to vacate (checking all the cases def cites) | 4.68 | $ 200.00 | $   936.00 |
| 6/13/2008 | DAB | Case Notes | 3.50 | $ 425.00 | $ 1,487.50 |
| 6/13/2008 | DAB | Final Review | 1.20 | $ 425.00 | $   510.00 |
| 6/13/2008 | DAB | consult with VB | 0.30 | $ 425.00 | $   127.50 |
| 6/13/2008 | VHB | editing response; researching more caselaw on good cause; emailed to David; discussed with David | 6.39 | $ 200.00 | $ 1,278.00 |
| 6/14/2008 | DAB | T/c | 2.50 | $ 425.00 | $ 1,062.50 |
| 6/15/2008 | VHB | drafting letter to OC re witnesses intend to call and corresponding with client; faxed and mailed | 0.70 | $ 200.00 | $   140.00 |
| 6/15/2008 | VHB | preparing for evidentiary hearing (looking at damages - W2's and offers of employment, mitigation, | 4.00 | $ 200.00 | $   800.00 |
| 6/16/2008 | DAB | Meeting w/client | 4.15 | $ 425.00 | $ 1,763.75 |
| 6/16/2008 | VHB | preparing for motion to vacate tomorrow and for evidentiary hearing | 4.47 | $ 200.00 | $   894.00 |
| 6/16/2008 | VHB | meeting with client and husband to discuss evidentiary hearing | 3.05 | $ 200.00 | $   610.00 |
| 6/17/2008 | DAB | Court Apperance | 2.50 | $ 425.00 | $ 1,062.50 |

Printed 7/8/2008 5:37 PM

## Cipra-Valiga v. Wells Fargo
## Time Log

| Bill Date | Staff | Description | Dur/Qty | Rate | Total |
|---|---|---|---|---|---|
| 6/17/2008 | VHB | called therapist to cancel for tomorrow, discussing letter re fees, called client to inform her the | 0.40 | $ 200.00 | $    80.00 |
| 6/17/2008 | VHB | looking at federal rules re atty's fees; reading ct's minute order | 0.54 | $ 200.00 | $  108.00 |
| 6/18/2008 | VHB | drafting letter to OC re fees and costs for preparing DJ and for evidentiary hearing | 0.58 | $ 200.00 | $  116.00 |
| | | | 62.17 | | $ 17,372.75 |

*A PLACE FOR HOPE*

**Elva L. Denny, LCSW**
**951 Southpoint Circle   Suite B**
**Valparaiso, IN  46385**
**Voice Mail:  219-241-8334**
**FAX:  219-477-6994**

July 7, 2008

David A. Bryant, Atty.
Violet Borowski, Atty.
55 West Monroe Street
Suite 2440
Chicago, IL  60603

Re:  Thea Cipra-Valiga – DOB: 10-31-70; costs in preparation for court

Dear Attorneys,

This note covers the costs I incurred to prepare for a court appearance planned for Thea Cipra-Valiga.  Costs include fees for sessions already scheduled that had to be moved when this court appearance was scheduled.

I am also including the letter sent with Ms Valiga's records that included a bill for the requested records.  The two bills are added together below, for a total of $330.00 to cover my costs both for records and preparing for this court appearance.

| | |
|---|---|
| Total bill for records | $ 30.00 |
| 5 lost sessions at $60.00 | $300.00 |
| Total = | $330.00 |

Please remit $330.00 to the address at the top of this page.  Thank you.

Sincerely,

Elva L. Denny
LCSW, LMHC, LMFT

# A PLACE FOR HOPE

**Elva L. Denny, LCSW**
**951 Southpoint Circle   Suite B**
**Valparaiso, IN  46385**
**Voice Mail:  219-241-8334**
**FAX:  219-477-6994**

COPY

June 13, 2008

David A. Bryant, Atty.
Violet Borowski, Atty.
55 West Monroe Street
Suite 2440
Chicago, IL  60603

Re:  Thea Cipra-Valiga – DOB: 10-31-70; request for file

Dear Attorneys,

Along with this note, you will find a faxed copy of Ms Valiga's file from my office.  As discussed with Ms Borowski, certain parts that do not pertain to these court proceedings have been eliminated.  This is in accordance with my responsibility to protect Ms Valiga from unnecessary harm.

To inform you in writing, my fees for witnessing in court proceedings are $150.00 per hour door to door, without additional charges.  I will send a bill after my appearance next Wednesday, June 18, 2008, starting about 10:15 am.  I will wait for further time and place information that can be sent to the above fax number.

In addition, please view this as the bill for sending this file on an immediate basis.  These fees are in accordance with Indiana law concerning charges for medical records.

|  |  |
|---|---|
| Service fee for file | $20.00 |
| Immediate need | $10.00 |
| Total = | $30.00 |

Please remit to me at above address.

If you need to reach me over the weekend or on Monday, please try my private number at 219-477-6994.  I hope this all helps.

Sincerely,

Elva L. Denny, LCSW, LMHC, LMFT



| | |
|---|---|
| SIDLEY AUSTIN LLP<br>ONE SOUTH DEARBORN<br>CHICAGO, IL 60603<br>(312) 853 7000<br>(312) 853 7036 FAX | BEIJING     LOS ANGELES<br>BRUSSELS    NEW YORK<br>CHICAGO    SAN FRANCISCO<br>DALLAS     SHANGHAI<br>FRANKFURT   SINGAPORE<br>GENEVA     SYDNEY<br>HONG KONG   TOKYO<br>LONDON     WASHINGTON, D.C. |
| ntelman@sidley.com<br>(312) 853-2106 | FOUNDED 1866 |

July 10, 2008

**VIA FACSIMILE**

David A. Bryant
Daley, DeBofsky & Bryant
55 West Monroe Street
Suite 2440
Chicago, IL 60603

      Re:    Cipra-Valiga v. Wells Fargo, Case No. 08-CV-1480

Dear Mr. Bryant:

      We received your July 8, 2008 letter requesting that we agree to pay your firm more than $17,000 in attorneys' fees. While we appreciate your effort to first discuss this matter prior to filing a motion for fees and costs (which courtesy you did not extend to us prior to filing your Motion for Default Judgment), we strongly disagree with your assertion that the fees you are requesting are "entirely reasonable." As an initial matter, you admittedly filed your Motion for Default Judgment *after* we filed Wells Fargo's Answer. Thus, any costs incurred after you received the Answer clearly could have been avoided, as could all costs, if, consistent with the Seventh Circuit's Standards for Professional Conduct, you had discussed the matter with us before you began drafting your default-seeking pleadings. Moreover, we do not believe that opposing our Motion to Vacate the Default Judgment under the circumstances -- given the one-day delay based upon inadvertence -- was reasonable, nor was it reasonable to incur significant fees preparing for an evidentiary hearing for the default that, based on the case law, was almost certainly to be vacated. Hence, we will not pay the fees and costs requested in your letter.

      We respectfully propose that the parties move on to litigate the merits of this case with the degree of civility and cooperation that the Court expects, and that we not unduly burden the Court with any more frivolous pleadings relating to the fact that Wells Fargo's Answer was inadvertently filed one day late.

                    Sincerely yours,

                    Nigel F. Telman

D A L E Y ,   D E   B O F S K Y   &   B R Y A N T

---

### FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: Nigel F. Telman | FROM: Violet Borowski |
| COMPANY: Sidley Austin LLP | DATE: 7-31-08 |
| FAX NUMBER: 312- 853- 7036 | TOTAL NO. OF PAGES INCLUDING COVER: 3 |
| PHONE NUMBER: | |

RE: Cipra-Valiga v. Wells Fargo
08- cv- 1480          CC:

---

☒ URGENT   ☒ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

---

NOTES/COMMENTS:

This communication may contain privileged and confidential information. It is intended only for the use of the recipient named above. If you are not the intended recipient of this communication, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by collect telephone call and return the original message to us at the address above via United States Postal Service.

55 W. MONROE ST., SUITE 2440
CHICAGO, ILLINOIS 60603
(312) 372-5200
FAX (312) 372-2778

LAW OFFICES

55 W Monroe St
Ste 2440
Chicago, Illinois 60603

# Daley, DeBofsky & Bryant

VOICE (312) 372-5200
FAX  (312) 372-2778
WEB  ddbchicago.com

Frederick J. Daley Jr.
Mark D. DeBofsky
David A. Bryant
Marcie E. Goldbloom
Violet H. Borowski
Sandra M. Dye
Gregory A. Benker
Kimberly A. Jones

**VIA FACSIMILE (312) 853-7036**

July 31, 2008

Of Counsel
David R. Bryant
Heather F. Aloe

Nigel F. Telman
Sidley Austin LLP
1 S Dearborn St
Chicago, IL 60603

Re:    08-CV-1480 *Cipra-Valiga v. Wells Fargo*

Dear Mr. Telman:

We received your July 10, 2008 letter.  Please confirm that your position is that you will not pay attorney's fees nor are you willing to negotiate.  If so, we will proceed by filing a motion for fees pursuant to Northern District of Illinois Local Rule 54.3.

In response to your letter, we would like to point out that we disagree with your assertion that our conduct in pursuing this matter was unreasonable.  We filed our Motion for Default after you filed Wells Fargo's Answer a day late.  Honorable Judge Zagel knew all the circumstances of your filing when on June 10, 2008 he granted our motion to strike your Answer; our motion for entry of default; and our motion to set an evidentiary hearing on damages.  Indeed, our motion stated such.  Moreover, Judge Zagel set the evidentiary hearing for June 18, 2008.  Once Judge Zagel set the evidentiary hearing, it was our obligation to our client to prepare.  It would have been very irresponsible as attorneys not to prepare for said hearing immediately especially given the fact that we only had one week to prepare.

We also disagree with your contention that based on case law, the entry of default was almost certain to be vacated.  Indeed, we feel the well-established three part test required to vacate an entry of default annunciated in *Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42 (7th Cir. Ill. 1994) gave us strong grounds to file our response to your motion to vacate and to believe that the entry of default would not be set aside.  As in *Pretzel & Stouffer,* Defendant's miscalculation of the date that its Answer was due constitutes a "routine back-office problem" that does not establish good cause for defaulting.  Moreover, Defendant did not articulate a meritorious defense to Plaintiff's allegations of sex harassment in its Answer nor did Defendant allege any affirmative defenses in response to Plaintiff's Complaint of sex harassment.  Further,

the majority of cases Defendant cited to, with similar facts, did not support its motion because the judge did not vacate its entry of default.

Accordingly, we request our attorney's fees and costs as our conduct in pursuing this matter was entirely reasonable. *See Flexicorps, Inc. v. Beck*, 2003 U.S. Dist. LEXIS 1388, *6 (N.D. Ill. Jan. 30, 2003).

We appreciate your prompt attention to this matter.

Sincerely,

*David A. Bryant*
David A. Bryant

Dab/vhb